BAKER, JUDGE
Claimant, John Wayne Booth, seeks an award for pain and suffering from the Division of Highways for personal injury sustained when he fell through a gap in the Water Street Bridge on February 16,1990, in the town of Logan, Logan County.
From the evidence adduced at the hearing on March 26, 1993, it appears that the claimant was walking across the sidewalk of the Water Street Bridge which is W. V a. Route 10. The bridge is over the Guyandotte River. The sidewalk was in a deteriorated condition and, at the site of claimant’s accident, there was a gap between the sidewalk and the guardrail on the creek side of the bridge. While walking across the bridge on the sidewalk, the claimant’s left knee gave out and he fell through the hold. As a result of the injury to his left knee, he underwent surgery. The claimant’s medical expenses were covered by a collateral source; however, he is seeking an award for pain and suffering.
The claimant testified that he had noticed several holes in the sidewalk of the bridge on previous occasions when he was a passenger in a vehicle crossing the travel portion of the bridge, but he had not reported these holes to the respondent. He had not walked across the bridge on the sidewalk until the evening of the accident herein. He had been to the grocery store and he was walking to his home which was in Logan. He normally did not use the Water Street Bridge but he was waling on the sidewalk of that bridge to go home. The claimant stated that he had suffered minor injuries to his knee which caused his leg to give out on occasion. As he was walking across the bridge, his left knee gave out on him causing him to fall and his leg slipped into a hole between the guardrail and the edge of the sidewalk. A gentlemen assisted the claimant to stand up and he then hobbled home. His leg began to swell but he was unable to go to the doctor until February 20, 1990. Surgery was required on his left knee as a result of the injury received in this fall.
*2 Although the claimant testified that he had consumed no alcohol on the day of the accident, a witness for the claimant, William Douglas Morgan, stated that he smelled alcohol when he was assisting the claimant after his fall. The claimant also testified that he could not see the holes on the sidewalk while he was walking because it was dark and the bridge had no lights; however, Mr. Morgan stated that he was walking approximately 100 feet behind the claimant and that he saw him fall down upon the sidewalk and he was able to see the claimant because the lights on the bridge had come on.
Mr. Curley Belcher, a witness for the respondent, stated that he had received no complaints of the deterioration of the sidewalk on the bridge, but he had noticed different holes in the travel portion of the bridge and he had tried to repair them. He explained that it was his duty to make emergency repairs to the bridge, but the Bridge Department was responsible for the actual maintenance of the bridge and the sidewalk. He testified that the hole on the sidewalk was created by a gap between the bottom of the guardrail and the edge of the eroded sidewalk which was eight to ten inches wide and that a person’s leg could fit into the hole at an angle.
After reviewing the record, this Court finds that the respondent knew, or should have known, that the sidewalk on the Water Street Bridge was in a state of disrepair, and that the respondent was negligent in failing properly to maintain the sidewalk on the bridge. The Court also finds that the claimant was negligent based upon evidence that the claimant may have been under the influence of alcohol at the time of this accident; that the claimant was familiar with the deteriorated condition of the sidewalk; and, that the claimant refused the same operation prior to the accident which may have prevented the injury to his leg which occurred in this incident. Based upon the theory of comparative negligence, this Court finds that the negligence of the claimant was equal to or greater than that of the respondent.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed
Judge Webb did not participate in the hearing or decision of this claim.